## SUPREME COURT.

PHILLIPS, and others agt. BENEDICT and FARNHAM.

A denial by a debtor of facts sworn to on the part of the plaintiff, is not sufficient to *vacate an order of arrest*. There must be a preponderance of evidence either by other witnesses or by the statement of other matters to confirm the defendant's denial.

*New York Special Term, December*, 1860.

MOTION by defendants to vacate an order of arrest.

INGRAHAM, Justice. The statements contained in the original affidavit on which the order of arrest was granted, were amply sufficient to sustain that order.

The portion of the indebtedness which was created in August, 1859, was incurred by means of fraudulent representations made as to the debtors' condition, but the facts stated as to that indebtedness, would only warrant an arrest for that indebtedness, and would not apply to the other claims.

The facts alleged as to the fraudulent disposition of the property would authorize an arrest for any previous indebtedness.

The defendants now move to vacate this order on new affidavits, contradicting in many things the plaintiff's affidavits.

So far as relates to the false representations by which the $1200 indebtedness was obtained, I see nothing in the papers which will relieve the defendants from that charge. A denial by a debtor of facts sworn to on the part of the plaintiff, is not sufficient to vacate an order of arrest. There must be a preponderance of evidence, either by other witnesses or by the statement of other matters to confirm the defendants' denial. If there was any doubt on these con-

tradictory affidavits as to the propriety of sustaining the order as to this claim of $1200, it is removed by the testimony of the clerk, Moss, who proves the representation, and furnishes a copy of an entry made by him at the time, which he says was read over by Benedict and assented to as correct. It is unnecessary to examine any further as to this branch of the case.

The fraudulent disposition of this property is proven in the original affidavits by the admission of Farnham after the assignment of their property, that such assignment was simply for the purpose of keeping their stock of goods out of the hands of their creditors, and was the same as if the defendants still owned the goods and had them in their possession.

The same difficulty as to the weight of testimony applies to this branch of the case. Although denied by the defendants, the clerks present, and who heard the statement of Farnham, confirm the testimony of the plaintiffs; and the whole transaction at Chicago, as disclosed by Sutton, in his examination in Connecticut, very much strengthens the belief that the sale was not in good faith.

If the notes given on the sale by the purchasers, Benedict, Mallory & Co., were either in whole or in part returned to any member of that firm immediately after the sale, it would require much more than the defendants' denial to remove the suspicions which arise from such a transaction.

Such suspicions are not removed by these affidavits. After a full examination of them, I am brought to the conclusion that the defendants have not made out a case entitling them to a discharge of the order either in whole or as to any part of it.

Motion denied with $10 costs.